UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUSTIN WEKENMANN,<br><br>  Plaintiff,<br><br>v.<br><br>ERIE COUNTY SHERIFF'S OFFICE,<br>SIMON BIEGASIEWICZ, MATTHEW<br>NOECKER, and COUNTY OF ERIE,<br><br>  Defendants. | Case No. 1:19-cv-1572 |

**ORDER ON DEFENDANTS' MOTION TO DISMISS**
**(Doc. 4)**

Plaintiff Justin Wekenmann has sued individual Defendants Simon Biegasiewicz and Matthew Noecker and governmental Defendants Erie County Sheriff's Office and the County of Erie under 42 U.S.C. § 1983 and state tort law. Plaintiff alleges that Defendants violated his constitutional rights and committed various torts during Plaintiff's arrest, detention, and prosecution for driving while intoxicated (DWI) following a motor vehicle collision between Plaintiff and Defendant Noecker in April 2017. (Doc. 1.) The following facts are drawn from Plaintiff's Complaint (Doc. 1) except where otherwise noted.

**Factual Background and Plaintiff's Claims**

At about 8:45 p.m. on April 2, 2017, Plaintiff was struck by a vehicle operated by Defendant Noecker while Plaintiff was riding his motorcycle on Heath Road in Colden, New York. (Doc. 1 ¶¶ 15–17.) Defendant Noecker called an ambulance to assess Plaintiff's injuries. (*Id.* ¶ 19.) After Plaintiff passed a number of field sobriety tests, Defendant Biegasiewicz administered an "Alco-Sensor Test" to Plaintiff. (*Id.* ¶ 22.) Defendant Biegasiewicz refused to show Plaintiff the result of the test and arrested him for DWI and failing to stay right. (*Id.* ¶ 23.)

Plaintiff was detained in the Colden substation for 45 minutes before receiving a DWI citation. He was then released. (*Id.* ¶¶ 24–25.) After a trial in July 2018, Plaintiff was acquitted of all charges on August 3, 2018. (*Id.* ¶ 27; Doc. 8 at 9.) Plaintiff incurred attorney's fees and costs and "great inconvenience" in the course of defending himself from the charges. (Doc. 1 ¶ 26.)

Plaintiff initiated suit against Defendants in the New York Supreme Court on August 2, 2019. Defendants removed the case to this court on November 20, 2019 (Doc. 1) and filed their motion to dismiss on December 3, 2019 (Doc. 4).

## Analysis

Plaintiff brings eight claims against the two Erie County deputy sheriffs who arrested him on April 2, 2017, as well as against the Erie County Sheriff's Office and the County of Erie. Each count is directed against all defendants, individual and governmental, except for Count 8 which is a negligent hiring, training and supervision claim asserted against the Erie County Sheriff's Office. Defendants have moved to dismiss all claims *except* for Counts 1 (section 1983) and 6 (malicious prosecution) against the individual officers.

The court will address each count in order. Before doing so, the court dismisses all claims against the Erie County Sheriff's Office with the exception of Count 8. The Erie County Sheriff's Office is an administrative subdivision of Erie County. It is not subject to suit in its own capacity. "An action against the Sheriff's Department is, in effect, an action against the County itself." *Metcalf v. Cnty. of Erie*, 173 A.D.3d 1799, 1801, 104 N.Y.S.3d 815, 817 (N.Y. App. Div. 2019) (quoting *Johanson v. Cnty. of Erie*, 134 A.D.3d 1530, 1530–31, 22 N.Y.S.3d 763, 765 (N.Y. App. Div. 2015)). The court dismisses Plaintiff's first through seventh causes of action against the Erie County Sheriff's Department, as those claims are also brought against the County of Erie. *See Full v. Monroe Cnty. Sheriff's Dep't*, 152 A.D.3d 1237, 1238, 58 N.Y.S.3d

2

853, 855 (N.Y. App. Div. 2017) (dismissing the Sheriff's Department as a party when a complaint included both the Department and the County). The court does not dismiss Plaintiff's eighth cause of action on this basis, as Plaintiff brings that claim against the Sheriff's Office only. The court interprets the claim against the Sheriff's Office as a claim against the County of Erie.

I. **Standard of Review**

To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court must "accept as true all factual allegations and draw from them all reasonable inferences." *Hernandez v. United States*, 939 F.3d 191, 198 (2d Cir. 2019). However, "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice." *Empire Merchants, LLC v. Reliable Churchill LLLP*, 902 F.3d 132, 139 (2d Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). "Dismissal is appropriate when 'it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law.'" *Parkcentral Glob. Hub Ltd. v. Porsche Auto. Holdings SE*, 763 F.3d 198, 208–09 (2d Cir. 2014) (per curiam) (quoting *Conopco, Inc. v. Roll Int'l*, 231 F.3d 82, 86 (2d Cir. 2000)).

II. **Count 1 – Section 1983 Liability for Constitutional Violations**

Defendants do not seek dismissal of the § 1983 claim against the individual officers. The County of Erie seeks dismissal of the § 1983 claim against it because "plaintiff fails to allege facts sufficient to conclude that the County of Erie promulgated a policy or custom that caused a constitutional tort to be committed by either Deputy Biagesiewicz or Deputy Noecker." (Doc. 6

3

at 13.) Plaintiff responds that he has made out the elements of a *Monell* claim against the County. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 695 (1978). Plaintiff argues that "Defendant failed to properly train employees and acquiesced in a custom and/or policy which allowed officers to improperly detain. Defendant further acquiesced in a custom or policy, because no supervisor responded or conducted an investigation of this incident." (Doc. 8 at 18.) Plaintiff also argues that his allegations "support a plausible inference that constitutional violations took place by the acts of a person with policy making authority for the municipality or that he was aware of his subordinates' unconstitutional actions and consciously chose to ignore them, effectively ratifying the actions." (Doc. 8 at 19.)

In *Outlaw v. City of Hartford*, the Second Circuit reviewed the requirements for municipal liability for constitutional violations by police officers. 884 F.3d 351, 372-373 (2d Cir. 2018). "Plaintiffs who seek to impose liability on local governments under § 1983 must prove, inter alia, that the individuals who violated their federal rights took "'action pursuant to official municipal policy.'" *Id.* at 372 (citing *Connick v. Thompson*, 563 U.S. 51, 60 (2011)). Such policies include explicitly stated municipal rules or regulations as well as actions taken with deliberate indifference to their consequences. Liability for deliberate indifference requires proof that the need for better supervision or training was obvious as demonstrated by repeated complaints or other facts placing the municipal leadership on notice of the constitutional violations. *Connick*, 563 U.S. at 62.

Plaintiff's complaint falls short of this standard. There is no allegation of an express policy permitting false charges against motorists. There is no allegation of deliberate indifference supported by evidence of notice to the county authorities through a history of similar complaints or other facts which would demonstrate that county leadership turned a blind eye to misconduct.

The dismissal of the *Monell* claim is without prejudice. The court allows 90 days for Plaintiff to file an amended complaint if he has a sufficient factual basis for such a claim.

### III.     Counts 2 and 3 – False Arrest and False Imprisonment

Plaintiff's remaining claims arise under state law. Counts 2 and 3 are claims of false arrest and false imprisonment. Plaintiff makes these claims both against the individual defendants and the County of Erie. (Doc. 1 at 14). "In New York, the tort of false arrest is synonymous with that of false imprisonment." *Posr v. Doherty*, 944 F.2d 91, 96 (2d Cir. 1991) (citing *Jacques v. Sears, Roebuck & Co.*, 285 N.E. 2d 871, 875 (N.Y. 1972). "The action for false imprisonment is derived from the ancient common-law action of trespass and protects the personal interest of freedom from restraint of movement." *Broughton v. State*, 335 N.E.2d 310, 316 (1975), *cert. denied*, 423 U.S. 929 (1975).

#### A.     False Arrest Claims Against the Two Individual Deputies

The cause of action accrues when an individual is released from confinement. *Jaegly v. Couch*, 439 F.3d 149, 154 (2d Cir. 2006); *Brownell v. LeClaire*, 96 A.D.2d 1336, 948 N.Y.S. 2d 168, (N.Y. App. Div. 2012). Plaintiff was arrested and released on April 2, 2017. That date is the accrual date for his false arrest and false imprisonment claims. New York Civil Practice Law and Rules § 215(3) establishes a one-year statute of limitations for "an action to recover damages for . . . false imprisonment."[1] Plaintiff seeks to avoid the one-year bar by arguing that "the false

---

[1] In addition, N.Y. C.P.L.R. § 215(1) establishes a one-year statute of limitations for "an action against a sheriff . . . upon a liability incurred by him in doing an act in his official capacity or by omission of an official duty." This provision also applies to deputy sheriffs. *Taylor v. Mayone*, 626 F.2d 247, 253 (2d Cir. 1980), and provides an independent basis for application of the one-year limitations period. The court recognizes that the one-year period does not apply to plaintiff's federal civil rights claim. *Owens v. Okure*, 488 U.S. 235, 249-250 (1989) ("[W]here state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions.").

5

arrest claim does not accrue until the criminal proceedings are terminated." (Doc. 8 at 9.) That is certainly the law for a claim of malicious prosecution. *See Mejia v. City of New York*, 119 F. Supp. 2d 232, 253 (E.D.N.Y. 2000) (citing *Broughton*, 335 N.E.2d at 314). But the elements of false arrest do not include the termination of criminal proceedings. "Under New York law, the elements of a false imprisonment claim are: (1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged. A favorable termination of the proceedings is not an element of this tort." *Singer v. Fulton County Sheriff*, 63 F.3d 110, 118 (2d Cir. 1995) (internal citations omitted).

As this case illustrates, the primary issue is whether the confinement was "privileged" due to probable cause for the arrest. That determination depends upon facts established no later than Plaintiff's release from custody, at which point the state-law cause of action had fully accrued. *See Covington v. City of New York*, 171 F.3d 117, 122–124 (2d Cir. 1999) (distinguishing between accrual of a false arrest claim under New York law at the time of arrest and accrual for purposes of § 1983 under federal law).

    **B.**    **False Arrest Claim Against Erie County**

The false arrest claim against Erie County is subject to New York General Municipal Law § 50-i, which imposes a one-year and 90-day limitations period. This provision "takes precedence over the one-year period of limitations provided for in CPLR 215." *Estate of Adkins v. County of Nassau*, 141 A.D.2d 603, 603, 529 N.Y.S.2d 524, 525 (N.Y. App. Div. 1988). In this case, it makes no difference whether the court applies the one-year or the one-year 90-day period. The arrest and release of Plaintiff occurred on April 2, 2017. He did not file his action in

New York Supreme Court until August 2, 2019—more than two years after the accrual of the false arrest cause of action.

The court dismisses the state law false-arrest and false-imprisonment claims (Counts 2 and 3) with prejudice because they were filed beyond the applicable limitations period. An amended complaint would not change the outcome since there is no dispute about the date of Plaintiff's arrest and release.

IV.     **Count 4 – Intentional Infliction of Emotional Distress**

The intentional tort of intentional infliction of emotional distress ("IIED") is subject to a one-year limitations period (or one year and 90 days in the case of an action against the County). N.Y. C.P.L.R. § 215(3) (establishing a one-year limitations period for intentional torts); *Burroughs v. Mitchell*, 325 F. Supp. 3d 249, 285 (N.D.N.Y. 2018); *Brewton v. City of New York*, 550 F. Supp. 2d 355, 370, n.13 (E.D.N.Y. 2008). Plaintiff does not contest the one-year limitations period. Instead, he argues that his mental suffering continued until his acquittal of the DWI charge on August 3, 2018—less than one year before he filed suit.

The general rule for accrual of IIED claims is that conduct occurring more than one year before filing cannot form the basis for a claim. *Weisman v. Weisman*, 108 A.D. 2d 853, 854, 485 N.Y.S.2d 570, 571 (N.Y. App. Div. 1985). Courts have recognized a limited "continuing wrongs" exception for a course of conduct which originates more than one year before filing and continues to a date within with the one-year limitations period. *Drury v. Tucker*, 210 A.D.2d 891, 621 N.Y.S.2d 822 (N.Y. App. Div. 1994). "Furthermore, for the statute of limitations to be tolled under the theory of continuing wrongs, the acts within the statute of limitations must be sufficient to make out a claim for intentional infliction of emotional distress, independent of those acts that are part of the offending course of conduct but fall outside the time bar." *Santan-*

*Morris v. New York University Med. Ctr.*, No. 96 CIV. 0621 (MGC), 1996 WL 709577, at *5 (S.D.N.Y. Dec. 10, 1996). Plaintiff alleges no conduct by the individual defendants that occurred within one year of the date of filing.

The court dismisses Count Four (IIED) without prejudice. The 90-day period to amend applies.

V.  **Count 5 – Negligent Infliction of Emotional Distress**

Defendants seek dismissal of the negligent infliction of emotional distress ("NIED") claim on limitations grounds and because the allegations do not satisfy the requirement that the conduct be of a type known to cause great distress.

As Defendants point out, negligence claims against sheriffs and their deputies are subject to a one-year limitations period through N.Y. C.P.L.R. § 215(1). The act of arresting and detaining plaintiff—whether justified or not—plainly occurred in the course of the deputies' official duties. For this reason alone, the one-year limitations period applies. *See Kingston v. Braun*, 122 A.D. 2d 543, 504 N.Y.S.2d 916 (N.Y. App. Div. 1986). Similarly, the claim against the County is governed by the one-year, 90-day period. The lawsuit was filed too late to satisfy either.

It is not necessary to determine whether Plaintiff's allegation that the deputies arrested him on a trumped-up charge of DWI in order to deflect attention from their potential fault in causing a motor vehicle accident can be forced into the narrow confines of an NIED claim. As alleged, individual Defendants' conduct appears to be intentional, not careless. But since the conduct is time-barred, there is no need to determine whether, on the merits, the conduct satisfies the element of genuineness. *See Taggart v. Costabile*, 131 A.D.3d 243, 253, 14 N.Y.S.3d 388, 396 (N.Y. App. Div. 2015).

The NIED claim is dismissed with prejudice because improved pleading will not alter the dates which govern the one-year limitations period.

## VI. Count 6 – Malicious Prosecution

In contrast to the false arrest counts, the malicious prosecution count did not accrue until plaintiff was acquitted of the DWI charge on August 3, 2018. It is then subject to a one-year limitations period (extended to one year and 90 days in the case of a town or county defendant). *See* N.Y. CPLR § 215(3); *Mejia,* 119 F. Supp. 2d at 278. Plaintiff has alleged that he filed a timely notice of claim.

Because the action was filed within one year of the date of termination of criminal proceedings against plaintiff, the statute of limitations is satisfied as to both the individual defendants and Erie County. The motion to dismiss Count Six is denied.

## VII. Count 7 – Defamation

Plaintiff alleges that he was defamed when news of his arrest was published in a local newspaper. (Doc. 1 at 17.) Defendants seek dismissal on the grounds that the complaint fails to provide specific allegations satisfying the elements of the tort.

Under New York law, "[t]he elements of a cause of action for defamation are [1] a false statement, [2] published without privilege or authorization to a third party, [3] constituting fault as judged by, at a minimum, a negligence standard, and . . . [4] caus[ing] special harm or constitute defamation per se." *Gutierrez v. McGrath Mgt. Servs., Inc.*, 152 A.D.3d 498, 502, 59 N.Y.S.3d 52, 56 (N.Y. App. Div. 2017) (quoting *Salvatore v. Kumar*, 45 A.D.3d 560, 563, 845 N.Y.S.2d 384, 388 (N.Y. App. Div. 2007)). The court concludes that the Complaint lacks sufficient factual allegations relating to the alleged defamation to enable Plaintiff's claim to survive dismissal.

Although Plaintiff alleges that publication of his arrest in a newspaper caused "several companies he had business contacts with [to] stop[] doing business with him" (Doc. 1 ¶ 64) and "loss of business and income" (*id.* ¶ 63), these assertions establish only the damages element of a defamation claim. The Complaint contains no nonconclusory factual allegations relating to the publication of a false statement about Plaintiff or Defendants' alleged involvement therein. Moreover, Plaintiff's Opposition to the pending motion fails to address any of Defendants' arguments on this point. Without a date on which plaintiff alleges publication of the defamatory statement, it is not possible even to compute the applicable limitations period.

The court dismisses Plaintiff's seventh cause of action for defamatory injury against all Defendants. Dismissal is without prejudice, subject to the 90-day period for amendment permitted in this case.

### VIII.   Count 8 – Negligent hiring, training, and supervision

Plaintiff alleges that the Erie County Sheriff's Office was negligent in hiring the two individual deputies because they "did not possess the temperament and psychological makeup to properly carry out their duties as responsible and law abiding police officers." (Doc. 1 at 11–12.) He also alleges that the Sheriff's Office failed to train Defendants in the proper method for making arrests, permitted them to detain citizens without probable cause, "encouraged an atmosphere of disregard of the rights of citizens under the United States Constitution; and failed to discipline police officers who committed such offenses." (Doc. 1 at 12.)

The court has already ruled that it will treat claims against the Sheriff's Office as claims against the County itself.

Defendant seeks dismissal of these claims because they were not stated in the mandatory Notice of Claim served on the county prior to suit. The notice of claim describes claims "for

malicious prosecution, false arrest and intentional infliction of emotional distress." (Doc. 1 at 21.) It was prepared by predecessor counsel.

New York General Municipal Law § 50-e requires a notice of claim "as a condition precedent to the commencement of an action or special proceeding against a public corporation." This provision is made applicable to claims against counties by N.Y. County Law § 52(1). New York case law is consistent in dismissing claims brought on theories of liability not identified in the notice of claim. *See Castillo v. Kings Cnty. Hosp. Ctr.*, 149 A.D.3d 896, 897, 52 N.Y.S. 3d 451, 453 (N.Y. App. Div. 2017) ("A notice of claim may be amended only to correct good faith and nonprejudicial technical mistakes, omissions, or defects, not to substantively change the nature of the claim or the theory of liability."). The notice of claim must contain sufficient facts to enable a municipal or county defendant to investigate the claim. *C.T. v. Valley Stream Union Free Sch. Dist.*, 201 F. Supp. 3d 307, 322 (E.D.N.Y. 2016). When a claim of negligent hiring or training is omitted, dismissal is generally appropriate because the notice fails to alert the defendant to the need to investigate hiring or training practices. *Id.* at 323 (collecting cases).

The court dismisses Count Eight (negligent hiring, training, and supervision) with prejudice. The content of the notice of claim is fixed and cannot be improved by an amended complaint.

## Conclusion

Defendants' motion to dismiss (Doc. 4) is GRANTED IN PART and DENIED IN PART.

Counts 1 through 7 of Plaintiff's complaint against Erie County Sheriff's Department are DISMISSED with prejudice. Counts 2, 3, and 5 (false arrest, false imprisonment, and NIED)

against individual Defendants and the County are DISMISSED with prejudice. Count 8 of Plaintiff's complaint is DISMISSED with prejudice.

Plaintiff's § 1983 claim against the County (Count 1) is DISMISSED without prejudice. Plaintiff's IIED claim (Count 4) and defamation claim (Count 7) are DISMISSED without prejudice. The court allows 90 days for Plaintiff to file an amended complaint if he has a sufficient basis to support these claims.

Defendants' motion to dismiss Count 6 (malicious prosecution) is DENIED.

The two claims which go forward are Plaintiff's § 1983 claim against individual Defendants and his state-law claim of malicious prosecution.

Dated this 4th day of January, 2021.

Geoffrey W. Crawford, Judge
United States District Court